IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JENNIFER JACINTO,<br><br>    Defendant.<br>                                       / | No. CR 10-00215 SI<br><br>**ORDER DENYING MOTION TO ALTER JUDGMENT** |

On September 12, 2014, the Court heard argument on defendant Jennifer Jacinto's motion to alter judgment. Dkt. No. 91. Having considered the arguments of counsel and the papers submitted, the Court hereby DENIES defendant's motion.

On September 16, 2011, defendant pleaded guilty to one count of conspiracy to commit wire fraud and wire fraud. On July 11, 2014, the Court sentenced defendant to twelve months and one day in custody. On July 20, 2014, defendant filed a motion requesting that the Court reserve final judgment and maintain jurisdiction over the case. Dkt. No. 85. On July 21, 2014, the Court entered final judgment, which was later amended to indicate that it had been entered without knowledge of defendant's motion. *See* Dkt. Nos. 87, 89. On August 7, 2014, defendant filed the instant motion to alter judgment.

Once a court has imposed a sentence of imprisonment, it generally may not correct or modify that sentence. *See* 18 U.S.C. § 3582(c). "A court may modify such a sentence only 'to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.'"

*United States v. Aguilar-Reyes*, 653 F.3d 1053, 1055 (9th Cir. 2011) (quoting 18 U.S.C. § 3582(c)(1)(B)). Rule 35(a) states that, "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."[1]

The Ninth Circuit holds that Rule 35's fourteen-day deadline is jurisdictional. *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003). Thus, once the fourteen-day deadline has passed, the district court is divested of the power to amend a sentence. *Aguilar-Reyes*, 653 F.3d at 1055.

The Court finds that it is without jurisdiction here and so must deny defendant's motion. The Court imposed sentence on July 11, 2014. More than two months have now passed, well beyond the fourteen-day limit set forth in Rule 35. *See id.* at 1056 (reversing district court's imposition of an altered sentence where the defendant filed his motion within four days of the original sentence, but the hearing was not held until twenty-eight days after sentence was imposed). Accordingly, the Court has no power to amend defendant's sentence.

However, even if the Court was jurisdictionally able to alter defendant's sentence, as stated at the hearing on this matter, the Court believes that the sentence imposed was fair and reasonable under the circumstances of this case. The additional facts defendant proffered in support of this motion do not alter the Court's conviction that the sentence imposed was appropriate.

Accordingly, the Court DENIES defendant's motion. This Order resolves Docket Nos. 85 and 91.

**IT IS SO ORDERED.**

Dated: September 17, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

---

[1] Rule 35(b) relates to government motions for reducing a sentence based upon substantial assistance and is not relevant to the motion now before the Court.

2